IN THE CIRCUIT COURT OF THE
4TH JUDICIAL CIRCUIT DUVAL COUNTY,
STATE OF FLORIDA

TERESA L. VANAMAN,

        Plaintiff,

-vs-                                  Case No.
                                     HON.

CREDITORS FINANCIAL GROUP, LLC,

        Defendant.
_____/

LAW OFFICES OF BRIAN P. PARKER, P.C.
BRIAN P. PARKER (0980668)
Attorney for Plaintiff
30700 Telegraph Rd., Suite 1580
Bingham Farms, MI 48025
(248) 642-6268
(248) 642-8875 (FAX)
lemonlaw@ameritech.net
WWW.COLLECTIONSTOPPER.COM
_____/

## COMPLAINT AND DEMAND FOR JURY

Plaintiff, **TERESA L. VANAMAN**, by and through counsel, brings this action against the above listed Defendant, **CREDITORS FINANCIAL GROUP, LLC**, (Defendant) on the grounds and in the amounts set forth herein:

### I. PRELIMINARY STATEMENT

The plaintiff brings this action for damages based upon the Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*, and seeks actual damages, punitive damages, costs and attorney's fees.


EXHIBIT A

## II. PARTIES

1.

The plaintiff is a natural person and consumer, a resident of Jacksonville, Duval County, Florida, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

2.

The defendant is a Foreign Limited Liability Company with its registered agent located in the State of Michigan with the actions in this case taking place at Plaintiff's home location in Duval County.

3.

The defendant is engaged in the collection of debts from consumers using the mail and telephone. The defendants regularly attempt to collect consumer debts alleged to be due another and is a "debt collector" as provided in 15 U.S.C. § 1692a(6).

## III. JURISDICTION AND VENUE

4.

This court has subject matter jurisdiction over this Complaint pursuant to FDCPA, 15 U.S.C. § 1692 *et seq*. The venue is proper in any court of competent jurisdiction under 15 U.S.C. § 1692k(d).

## IV. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

5.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers

against debt collection abuse. 15 U.S.C. § 1692.

6.

Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

7.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

8.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

9.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

10.

A debt collector may not violate the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

11.

Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorneys' fees as determined by

the Court and costs of this action. 15 U.S.C. § 1692k.

12.

The Florida Consumer Collection Practices Act (FCCPA), 559.55 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

13.

A "Debt Collector" means any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term "debt collector" includes any creditor who, in the process of collecting her or his own debts, uses any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debts. Florida Statutes, Sections 559.55 (6).

14.

"Debtor" or "consumer" means any natural person obligated or allegedly obligated to pay any debt. Florida Statutes, Sections 559.55 (2).

15.

"Debt" or "consumer debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Florida Statutes, Sections 559.55 (1).

16.

Prohibited acts by debt collectors or collection agencies under Florida Statutes, Sections 559.72, include:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family;

(15) Refuse to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt;

(4) Communicate or threaten to communicate with a debtor's employer prior to obtaining final judgment against the debtor, unless the debtor gives her or his permission in writing to contact her or his employer or acknowledges in writing the existence of the debt after the debt has been placed for collection, but this shall not prohibit a person from telling the debtor that her or his employer will be contacted if a final judgment is obtained; and

(8) Use profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family.

17.

Under Florida Consumer Collection Practices Act, 559.77 et seq.(1 and 2) A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In an action brought pursuant to subsection (1and 2), in determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

## V. FACTUAL ALLEGATIONS

18.

Plaintiff is receiving numerous calls from Defendant at work, even after Plaintiff has repeatedly asked Defendant to stop calling her there. **Please see attached Exhibit No. 1.**

19.

The debt derives from two Plains Commerce Bank personal credit cards with balances of about $1,800 on one and about $1,000 on the other.

20.

The phone number that Defendant is calling Plaintiff from is 877-298-2251.

21.

Defendant calls Plaintiff at both work and her home in an attempt to collect on the alleged debts.

22.

Defendant calls Plaintiff every day at work, about two times a day.

23.

Defendant has been rude and abusive in conversations with Plaintiff. In one conversation when Plaintiff asked Defendant to stop calling her at work, they responded by saying that they will continue to call and they will call everyone Plaintiff knows until Plaintiff pays on the alleged debt.

24.

One time when Plaintiff asked Defendant to stop calling her at work, Defendant went on to call Plaintiff's supervisor's private line.

25.

Defendant has called Plaintiff without stating the name of their company, as required by the FDCPA.

26.

Plaintiff has not received anything in writing from Defendant. **Please see attached Exhibit No. 1.**

27.

Defendant has also failed to state in every conversation that they are a debt collector, as required by the FDCPA.

28.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA and FCCPA.

## VI. CAUSES OF ACTION

## CLAIM AGAINST DEFENDANT UNDER THE FDCPA

29.

The defendant has violated the FDCPA, 15 U.S.C. § 1692e(10) by the use of false representations and deceptive means in pursuing Plaintiff for a debt.

30.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

31.

Defendant has violated the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

32.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number.

33.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity.

34.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(3) by failing to provide Plaintiff within five days of the initial communication with a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

35.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(1) by failing to provide Plaintiff within five days of the initial communication with a written notice containing the amount of the debt.

36.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(2) by failing to provide Plaintiff within five days of the initial communication with a written notice containing the name of the creditor to whom the debt is owed.

37.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(5) by failing to provide Plaintiff within five days of the initial communication with a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

38.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(4) by failing to provide Plaintiff within five days of the initial communication with a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

39.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(11) by failing to disclose in the initial communication that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose and by failing to disclose in subsequent communications that the communication is from a debt collector.

40.

Defendant has violated the FDCPA, 15 U.S.C. § 1692c(a)(1) by communicating with the consumer at any unusual time or place known or which should be known to be inconvenient to the consumer.

41.

Defendant has violated the FDCPA, 15 U.S.C. § 1692c(a)(3) by communicating with the consumer at the consumer's place of employment when the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

42.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(2) by using language the natural consequence of which is to abuse the hearer.

43.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

44.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA.

## CLAIM AGAINST DEFENDANT UNDER THE FCCPA

45.

Defendant has violated 559.72(7) by using a harassing, oppressive or abusive method to collect on a debt.

46.

Defendant has violated 559.72 (15) by refusing to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt.

47.

Defendant has violated 559.72 (4) by communicating or threatening to communicate with a debtor's employer prior to obtaining final judgment against the debtor, unless the debtor gives her or his permission in writing to contact her or his employer or acknowledges in writing the existence of the debt after the debt has been placed for collection, but this shall not prohibit a person from telling the debtor that her or his employer will be contacted if a final judgment is obtained.

48.

Defendant has violated 559.72 (8) by using profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family.

49.

Upon adverse adjudication, the Defendant shall be liable for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s. 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

50.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FCCPA.

51.

As a result of the actions of Defendant, Plaintiff hired the undersigned counsel. Counsel has been an attorney in good standing for almost 13 years and has handled thousands of consumer cases, personally. Counsel is known in his field of a consumer advocate and a competent, experienced consumer trial attorney. As a result, counsel's time is billed at the reasonable rate of $350.00 an hour.

### VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grants the following relief against the Defendant:

1. For compensatory damages;
2. For statutory damages under the FDCPA;
3. For $1,000 and actual damages under 559.72;
4. For attorneys' fees and costs incurred in this action under the FDCPA and FCCPA;
5. For Damages under the FCCPA, and
6. For such other and further relief as the Court may deem just and proper.

### JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.
This 26th day of March, 2008.

Respectfully submitted,

_____
BRIAN P. PARKER (0980668)
Attorney for Plaintiff



## AFFIDAVIT OF TERESA L. VANAMAN

STATE OF FLORIDA    )

COUNTY OF DUVAL    )

TERESA L. VANAMAN being first duly sworn, deposes and says that she is of suitable age and discretion to testify in a Court of law and that she makes this Affidavit based upon personal knowledge and, if called upon to testify, would testify as follows:

1. CREDITORS FINANCIAL GROUP LLC is repeatedly calling me at work, even after I asked them to stop calling me there.

2. Representatives of CREDITORS FINANCIAL GROUP LLC call me every day at work, about two times a day.

3. I have asked representatives of CREDITORS FINANCIAL GROUP LLC to stop calling me at work and one representative responded by saying that they will continue to call and that they will everyone I know until I pay this alleged debt.

4. After I asked a representative of CREDITORS FINANCIAL GROUP LLC to stop calling me at work, they called my supervisor's private line.

5. Representatives of CREDITORS FINANCIAL GROUP LLC have called me without stating the name of their company.

6. I have not received anything in writing from CREDITORS FINANCIAL GROUP LLC.

7. Representatives of CREDITORS FINANCIAL GROUP LLC have failed to state in every conversation that they are a debt collector.

Further, Deponent sayeth not.

_Teresa L. Vanaman_
Teresa Vanaman

Subscribed and sworn to before me
this ___ day of March, 2008.

_____
Notary Public

IN THE CIRCUIT COURT OF THE
4th JUDICIAL CIRCUIT, IN AND FOR
Duval COUNTY, FLORIDA
CIVIL DIVISION
CASE NO.:

Teresa L. Vanaman

    Plaintiff,

vs.

Creditors Financial Group, LLC

    Defendants.

16-2008-CA-004286

CIVIL ACTION SUMMONS

DIVISION CV-D

STATE OF FLORIDA
To Each Sheriff of Said State:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition in this action on Defendant:

Creditors Financial Group, LLC
RA: The Corporation Company
30600 Telegraph Road, Suite 2345
Bingham Farms, MI 48025

Each Defendant is required to serve written defenses to the Complaint or Petition on Plaintiff's attorney, to wit Brian Parker whose address is:

    30700 Telegraph Road, Suite 1580
    Bingham Farms, MI 48025

Within 20 days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

EACH SHERIFF OF THE STATE:

    YOU ARE HEREBY COMMANDED to serve the Summons and a copy of the Complaint in this lawsuit on the above-named Defendant.

Dated this __APR 0 3 2008__ day of _____, 2008

JIM FULLER
Clerk Of The Circuit Court

By: _Evelyne Chastas_
    Deputy Clerk

(SEAL)

